No. 215
SCHULTZ v. MILLER
Ohio Appeals, 7th Dist., Mahoning Co.
October 17, 1924.

1195. TRIAL—Action to set aside a deed and to recover on conflicting claims arising out of building contract should be submitted to jury.

FARR, J.

### Epitomized Opinion
Published only in Ohio Law Abstract

An action was brought in the Common Pleas to set aside a deed and for an accounting From the record it appears that Welthy Miller contracted with Fred W. Schultz for the construction of a house for $8,400, on which she had advanced $4,800. Later he abandoned the contract. She paid one Simpkins an additional sum of $8,538.28. A verbal understanding to pay for extras was not disputed. Schultz built a house on an adjoining lot and conveyed it to his wife. This conveyance is attacked and judgment for $4,938.28 is sought. Schultz denied the appropriation of Miller payments to the construction of the second house, and by cross-petition claimed $1,400 due him for extras, damages and superintendence. The common pleas set aside the deed but refused to

submit any of the issues to a jury. Reversing this judgment, the court of appeals held:

Setting aside the deed bore no relation to the conflicting claims for money and determined no right to recover money which under 11379 and 11380 GC. should have been submitted to a jury.

Attorneys—N. L. Countryman, D. F. Griffith and Wm. T. Swanton, for Schultz; Calvin & Johnson, for Miller; all of Youngstown.

------

No. 216
NATIONAL UTILITIES CO. v. TEXAS CO.
Ohio Appeals, 2nd Dist, Franklin Co.
No. 1178. Decided Jan. 8, 1925.

480. EVIDENCE—Preponderance of, is sufficient to prove authority to sign contract of guaranty.

ALLREAD, J.

### Epitomized Opinion
Published only in Ohio Law Abstract

The Port Arthur Co. owed the Texas Co. an alleged sum of $11,260.51 for gas consumed in the course of its business. The National Utilities Co. wrote to the Texas Co. informing them that the Port Arthur Co. was undergoing an improvement program, and Utilities Co. would pay if the Port Arthur Co. did not pay it. This contract of guaranty was signed by one, Berringer, the vice president and the questions as to the authority of Berringer arose in the Franklin Common Pleas. The Utilities Co. requested the court to charge the jury that clear and convincing proof was necessary to establish the fact of Berringner's authority, but the trial court refused to do so holding that the preponderance of evidence would be sufficient. Verdict was for the Texas Co. for the full amount claimed. The Utilities Co. prosecuted error and the Court of Appeals held:

1. That proof of Berringer's authority to sign could be established by a preponderance of the evidence; clear and convincing proof is not necessary.

2. Consideration in the guaranty contract existed, it being the forbearance of the Texas Co. to bring suit against the Port Arthur Co.

3. The obligatory terms were sufficiently stated in the letter signed by Berringer to satisfy the statute of frauds as to certainty and definiteness.

If the Texas Co. remits $3,290.11 from the judgment it will be affirmed; otherwise the judgment will be reversed and cause remanded for new trial.

Attorneys—Hogan, Hogan and Hogan and J. C. Martin, for National Co.; T. K. Schmuck and Francis J. Wright for Texas Co.